# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| STEVEN STAFFORD, | ) |
| --- | --- |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:18-cv-01861-RLW |
| | ) |
| STANLEY PAYNE, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of petitioner Steven Stafford to hold his 28 U.S.C. § 2254 petition for writ of habeas corpus in abeyance (Docket No. 7), and his motion to amend by interlineation (Docket No. 8). For the reasons discussed below, petitioner's motion to hold his petition in abeyance will be denied at this time. Additionally, his motion to amend by interlineation will be granted.

## Discussion

On October 29, 2018, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket No. 1). In his petition, he states that he has been convicted of murder in the first degree, assault in the first degree, and two counts of armed criminal action. On April 12, 2013, he was sentenced to life imprisonment without parole. Petitioner seeks relief on the grounds that there was insufficient evidence that he committed first degree murder; that the trial court erred in giving jury instruction number five; and that trial counsel was ineffective in failing to strike juror number 697.

On February 27, 2019, petitioner filed a motion for leave to hold the case in abeyance pending exhaustion of a newly discovered claim. (Docket No. 7). In his motion, petitioner states

that while investigating his case, he learned that a witness for the state had "committed perjury while on direct and cross-examination." Specifically, petitioner alleges that witness Jevon Strayhorn testified that he was not engaged in a plea agreement with the federal government, even though he had a pending deal and received a reduced sentence for his testimony. Petitioner notes that this claim has not been exhausted, and he requests an opportunity to properly exhaust in state court.[1]

The United States Supreme Court has stated that a stay and abeyance should only be available in limited circumstances. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In determining whether a stay should be granted or denied, district courts are guided by three factors: (1) whether petitioner had good cause for failing to exhaust; (2) whether petitioner's unexhausted claims were potentially meritorious; and (3) whether petitioner engaged in intentionally dilatory litigation tactics. *See Howard v. Norris*, 616 F.3d 799, 801 (8th Cir. 2010).

Here, petitioner acknowledges that this particular claim has not been exhausted in state court. He does not, however, demonstrate that he had good cause for failing to exhaust. Petitioner's motion states that he "uncovered" the information about witness Strayhorn while investigating the case, but he does not indicate when this discovery occurred. For example, he does not allege that this information was not known during his trial, post-conviction motion, or appeals. Further, petitioner does not allege that this information could not have been discovered before this point. Therefore, he has not demonstrated that there was good cause for failing to exhaust this claim in state court. As such, his motion for a stay and abeyance must be denied at this time.

---

[1] There is no indication, at this point, that petitioner has attempted to open a case in state court to exhaust this claim.

Petitioner has also filed a motion seeking to amend his petition by interlineation. (Docket No. 8). The motion seeks to add a single word to the petition. Specifically, petitioner states that the sentence on page five of the petition, which currently reads "There was evidence that petitioner deliberated and knowingly shot and killed McCully," should actually read "There was *no* evidence petitioner deliberated and knowingly shot and killed McCully." Clearly, this was a mere scrivener's error, in that petitioner was attempting to state a ground for relief, and did not intend to state an admission. As such, petitioner's motion to amend by interlineation will be granted, and ground one will be taken to read "There was no evidence petitioner deliberated and knowingly shot and killed McCully."

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to hold this case in abeyance (Docket No. 7) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that petitioner's motion to amend by interlineation (Docket No. 8) is **GRANTED**.

Dated this 7th day of March, 2019.

_Ronnie L. White_
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE