UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEVEN STAFFORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:18CV1861 RLW |
| | ) | |
| STANLEY PAYNE, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Petitioner Steven Stafford's fifth Motion for Appointment of Counsel/Investigator to Unseal Government Documents for an In-Camera Review (ECF No. 17), Motion to Unseal Government Documents (ECF No. 18), and Motion for Leave to Hold the Case in Abeyance Pending Exhaustion of Newly Discovered Evidence of Perjury and Prosecutorial Misconduct/Suborning Perjury (ECF No. 19). On October 16, 2019, the Court ordered Respondent to submit a memorandum in response to Petitioner's motions (ECF No. 20), which it did so on October 29, 2019 (ECF No. 21). Petitioner has not submitted any reply to Respondent's response, and the time to do so has since passed. For the reasons discussed below, the motions are denied.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a nonfrivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court

considers relevant factors such as the complexity of the case, the ability of the *pro se* litigant to investigate the facts, the existence of conflicting testimony, and the ability of the *pro se* litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 43 7 F .3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel and Petitioner's other requested forms of relief are not warranted at this time. Petitioner's three pending motions relate to his allegation that a victim and witness in his underling criminal case, Jevon Strayhorn, cooperated with prosecutors and committed perjury in order to obtain a lenient sentence in a separate case in which Strayhorn was a defendant in the Southern District of Illinois. Petitioner's stated reason for needing appointment of counsel is his inability to access sealed documents in Strayhorn's now-closed criminal case.

The Court has previously clarified for Petitioner that any appointed counsel would also not be able to access such documents. In fact, Petitioner filed a motion in the Southern District of Illinois on December 28, 2018 to unseal certain documents in Strayhorn's case. That motion was denied by the chief judge, the Honorable Michael J. Reagan, on January 7, 2019. Chief Judge Reagan noted, "While Mr. Stafford makes a valiant pitch, *the Court does not grant non-parties access to sealed documents in closed criminal cases.*" *United States v. Strayhorn*, No. 11-CR-30210-MJR (S.D. Ill. Jan. 7, 2019) (emphasis added). Likewise, the Court has no authority to unseal documents in other courts. Consequently, this reason does not present a justification for the appointment of counsel. Petitioner has continued to demonstrate, at this point, that he can adequately present his claims to the Court. The Court will entertain future motions for appointment of counsel as the case progresses.

Additionally, as Respondent points out, Petitioner's allegations in these pending motions are not relevant to the grounds raised in his habeas petition: Ground 1 relates to the sufficiency

of the evidence; Ground 2 relates to the verdict director concerning the murder count; and Ground 3 related to ineffective assistance of counsel. (ECF No. 1)

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Steven Stafford's fifth Motion for Appointment of Counsel/Investigator to Unseal Government Documents for an In-Camera Review (ECF No. 17) is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner's Motion to Unseal Government Documents (ECF No. 18) is **DENIED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Leave to Hold the Case in Abeyance Pending Exhaustion of Newly Discovered Evidence of Perjury and Prosecutorial Misconduct/Suborning Perjury (ECF No. 19) is **DENIED.**

Dated this 15th day of November, 2019.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**