UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN STAFFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18-CV-1861 RLW |
| ) | |
| STANLEY PAYNE, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This matter is before the Court on a document filed by pro se Petitioner Steven Stafford titled "Response to the Response to Document #17" ("Response") (ECF No. 36). Document ECF No. 17 is Petitioner's pro se Motion for Appointment of Counsel/Investigator to Unseal Government Documents for In-Camera Review. After ordering the Respondent to file a response to ECF No. 17, and after the time for Petitioner's Reply passed with no filing by him, the Court denied Petitioner's Motion without prejudice by Memorandum and Order of November 15, 2019 (ECF No. 22 at 2-3.)

The "Conclusion" section of the Response asks the Court to allow Petitioner to amend his § 2254 habeas petition to include claims of ineffective assistance of trial and appellate counsel. (ECF No. 36 at 4.) As the Court has stated before, if Petitioner wishes to seek to amend his petition, he must submit a proposed amended petition to the Court for its consideration. See Mem. and Order of May 8, 2020 (ECF No. 29 at 3); Order of June 10, 2020 (ECF No. 35 at 2.) Petitioner has not done this. Instead, Petitioner repeatedly submits explanations and arguments as to the kinds of claims he wishes to assert. To the extent the Response is construed as a motion for leave to amend Petitioner's § 2254 habeas petition, it is denied without prejudice.

Petitioner's Response also requests this "Court to view the sealed case in question to ensure there has not been a miscarriage of justice on behalf of the City of St. Louis' Prosecuting Attorneys Office at Petitioner's expense." (ECF No. 36 at 3-4). Petitioner's reference is to certain sealed documents in <u>United States v. Jevon Strayhorn</u>, No. 11-CR-30210-MJR (S.D. Ill.).

Petitioner has raised this issue several times before in this case. The Court's Memorandum and Order of November 15, 2019 (ECF No. 22), explains in relevant part:

> Petitioner's three pending motions relate to his allegation that a victim and witness in his underling criminal case, Jevon Strayhorn, cooperated with prosecutors and committed perjury in order to obtain a lenient sentence in a separate case in which Strayhorn was a defendant in the [United States District Court for the] Southern District of Illinois. Petitioner's stated reason for needing appointment of counsel is his inability to access sealed documents in Strayhorn's now-closed criminal case.
>
> The Court has previously clarified for Petitioner that any appointed counsel would also not be able to access such documents. In fact, Petitioner filed a motion in the Southern District of Illinois on December 28, 2018 to unseal certain documents in Strayhorn's case. That motion was denied by the chief judge, the Honorable Michael J. Reagan, on January 7, 2019. Chief Judge Reagan noted, "While Mr. Stafford makes a valiant pitch, *the Court does not grant nonparties access to sealed documents in closed criminal cases.*" *United States v. Strayhorn*, No. 11-CR-30210-MJR (S.D. Ill. Jan. 7, 2019) (emphasis added). **Likewise, the Court has no authority to unseal documents in other courts.**
>
> Additionally, as Respondent points out, Petitioner's allegations in these pending motions are not relevant to the grounds raised in his habeas petition: Ground 1 relates to the sufficiency of the evidence; Ground 2 relates to the verdict director concerning the murder count; and Ground 3 related to ineffective assistance of counsel. (ECF No. 1).

(ECF No. 22 at 2-3) (bold and underline emphasis added).

The Court once again states to Petitioner that this Court cannot, because it has no authority to, unseal or view documents that are filed under seal in another federal district court. This request is denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Steven Stafford's Response to the Response to Document #7, construed as a motion for leave to amend Petitioner's § 2254 habeas petition is **DENIED** without prejudice; and construed as a motion for the Court's inspection of or to unseal sealed documents in United States v. Strayhorn, No. 11-CR-30210-MJR (S.D. Ill.) is **DENIED**. (ECF No. 36)

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of June, 2020.