# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| STEVEN STAFFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )  No. 4:18-CV-1861 RLW |
| | ) |
| STANLEY PAYNE, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on petitioner's motion to stay and abey pursuant to *Rhines v. Weber,* 544 U.S. 269 (2005). The motion will be denied.

### **Procedural Background**

On February 27, 2013, a jury convicted petitioner Steven Stafford in St. Louis Circuit Court of felony murder in the first degree, two counts of armed criminal action and the class A felony of assault in the first degree. *See State v. Stafford*, No. 1122-CR01324-01 (22nd Judicial Circuit, St. Louis City). The trial court sentenced petitioner to concurrent terms of life in prison without probation or parole.

Petitioner appealed his conviction and sentence to the Missouri Court of Appeals. *See State v. Stafford*, No. ED99866 (Mo. Ct. App. 2014). The Court of Appeals affirmed the conviction and sentence on August 19, 2014. Petitioner sought reconsideration of the decision in the Court of Appeals. However, his motion for reconsideration was denied on September 22, 2014. Petitioner's motion for transfer to the Supreme Court was denied on November 25, 2014. *State v. Stafford,* No. SC94498 (2014). The mandate was issued on December 2, 2014. *See State v. Stafford*, No. ED99866 (Mo. Ct. App. 2014).

Petitioner filed a motion for post-conviction relief, pursuant to Missouri Supreme Court Rule 29.15 on January 5, 2015, which was denied on October 22, 2015. *See Stafford v. State*, No. 1522-CC00050 (22nd Judicial Circuit, St. Louis City). Petitioner appealed on December 3, 2015, and the Missouri Court of Appeals reversed and remanded as to the issue of abandonment of post-conviction counsel on February 21, 2017. *See Stafford v. State*, No. ED103721 (Mo.Ct.App.2017). The mandate was issued on March 29, 2017.

On June 9, 2017, the matter was called for hearing in the post-conviction court as to the abandonment of post-conviction counsel. *See Stafford v. State,* No. 1522-CC00050-01 (22nd Judicial Circuit, St. Louis City). After review by the Court, no abandonment was found, and petitioner's motion for post-conviction relief was once again denied. *Id.* Petitioner appealed the matter to the Missouri Court of Appeals on July 6, 2017, and the Court of Appeals affirmed the denial of the post-conviction relief motion on June 12, 2018. The mandate was issued on July 6, 2018.

Petitioner filed his application for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by placing his petition in the prison mailing system at Eastern, Reception Diagnostic Center (ERDCC) on October 25, 2018. Respondent filed a response brief to his petition on April 16, 2019. Petitioner amended his petition on August 5, 2020.

On September 9, 2020, petitioner filed a motion to stay and abey this action indicating that he wishes to pursue a motion to "recall the mandate" and "vacate the judgment" entered in the lower court." Petitioner asserts that he "needed the state to properly rule and litigate on the issue of ineffective assistance of counsel" where his trial counsel failed to properly investigate cooperation between a witness in his criminal action and the federal government. Petitioner

believes that the witness was given leniency in the witness's felon in possession case to testify against petitioner in his trial.

Although petitioner filed two motions for extension of time to prepare motions recall the mandate on October 30, 2020, as well as January 14, 2021, the Court can find no record of such motions being filed in the Missouri Courts. Moreover, as of this date, petitioner has not filed a state habeas action brought pursuant to Mo.S.Ct.R.91.

## Discussion

Petitioner filed his original petition pursuant to 28 U.S.C. § 2254 on October 29, 2018. In his application for writ, he alleged three grounds for relief:

1. The Missouri Court of Appeals unreasonably rejected the sufficiency of the evidence finding that petitioner shot two victims. He claimed that no reasonable juror could believe the testimony of the victim who identified petitioner as the killer, and the testimony of the surviving victim was inconsistent with ballistics evidence and the positions of the shell casings.

2. It was not only plain error to offer the verdict director on the felony murder count, but it was also inconsistent with the defense counsel's closing argument on self-defense and the state of the law in Missouri.

3. Trial counsel was ineffective for not using a peremptory challenge as to juror number 697.

The Court notes that each of the grounds raised by petitioner in his original petition were raised by petitioner in his direct appeal and rejected by the Missouri Court of Appeals.

Petitioner's amended petition for writ of habeas corpus raised several additional claims for relief:

4. Trial counsel was ineffective for not investigating the allegation that a witness against petitioner received a deal in a federal court proceeding, while his appellate counsel was ineffective for failing to argue such in his appeal brief. Petitioner also asserts that his appellate counsel, along with his post-conviction counsel, were ineffective for failing to get the witness's sentencing records unsealed.

3

In his motion to stay and abey petitioner asserts that he wishes to pursue a motion to "recall the mandate" and "vacate the judgment" entered in the lower court. Petitioner asserts that he needs the state to rule that his trial counsel was ineffective for failing to properly investigate that a witness against him had ulterior motives for testifying. Petitioner moves this Court for a stay and abeyance while he seeks to litigate his unexhausted claims in state court.[1]

Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court. *Rhines,* 544 U.S. at 277. Entitlement to a stay requires not only consideration of whether petitioner had good cause for his failure to exhaust, but also whether his unexhausted claims are plainly meritless, whether the claims are potentially meritorious, and whether the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78.

Prior to considering the merits of a state petitioner's habeas claims, a federal court must determine whether the federal constitutional dimensions of the petitioner's claims were presented to the state court. *Smittie v. Lockhart*, 843 F.2d 295, 296 (8th Cir.1988).   If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. *Smittie*, 843 F.2d at 296.

When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from

---

[1]The Court has reviewed Missouri.Case.Net and found no record of a pending Missouri State Habeas Corpus action/Rule 91 brought by petitioner relating to this issue.

the alleged unconstitutional error, or that a fundamental miscarriage of justice would occur if the Court were not to address the claims. *Coleman v. Thompson*, 501 U.S. 722 (1991); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977); *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir.1995); *Stokes v. Armontrout*, 893 F.2d 152, 155 (8th Cir.1989). Before reviewing any claims raised in a habeas petition, the Court may require that every ground advanced by the petitioner survive this exhaustion analysis. *Rhines*, 544 U.S. at 269 (2005).

In this case, petitioner does not have any non-futile state remedies by which he can present his unexhausted claims to the state courts. Rule 29.15 is the exclusive procedure by which a convicted person may seek relief in the sentencing court for claims that his conviction violated the state or federal constitutions, such as claims of ineffective assistance of trial and direct appeal counsel.[2] Mo. S. Ct. R. 29.15.

And any such motion must be filed no later than ninety (90) days from the issuance of the mandate by the appellate court on direct appeal or if no appeal of such judgment or sentence is taken, the motion shall be filed within one-hundred-eighty (180) days of the date the person is delivered to the custody of the Department of Corrections. *Id.* Petitioner cannot go back in time and file a new Rule 29.15 motion,[3] and any habeas corpus motion brought pursuant to Rule 91

---

[2]Direct appeal counsel cannot have been ineffective for not pursuing an investigation that was not the proper subject of a direct appeal. See Missouri Supreme Court Rule 81.12; *ATC Company Inc. v. Myatt,* 435 S.W.3d 135, 142 (Mo.Ct.App.2014). Counsel was not ineffective for declining to pursue a line of action that had no chance of success and would detract from the arguments counsel chose to pursue. *See Jones v. Barnes*, 436 U.S. 745, 751–54 (1983) (counsel on appeal should winnow out weak claims and one or a few stronger issues).

[3]Before January 1, 1996, a motion to recall the mandate could be used to challenge the effectiveness of direct appeal counsel. *State v. Edwards*, 983 S.W.2d 520, 522 (Mo 1999). But that is no longer a valid method to raise such claims.

5

would not be able to properly exhaust any of the claims he wishes his counsel would have pursued in his prior Rule 29.15 motion, as those claims are procedurally barred.[4]

Petitioner's assertions relating to his fourth claim for relief is that his trial counsel was ineffective for not investigating the allegation that a witness against petitioner received a deal in a federal court proceeding, while his appellate counsel was ineffective for failing to argue such in his appeal brief. As noted above, this claim is procedurally barred because he did not preserve the claim in his post-conviction relief motions brought pursuant to 29.15. *Martinez v. Ryan*, 132 S.Ct. 1309, 1320 (2012), permits ineffective assistance of *post-conviction* (emphasis added) counsel to potentially act as cause to excuse the default of ineffective assistance of trial counsel claims. However, it does not apply to defaulted claims of ineffective assistance of direct appeal counsel.

Additionally, to the extent petitioner would seek to file a Rule 91 habeas petition after the fact, his motion would be untimely. The United States Supreme Court held in *Gonzalez v. Thaler*, 132 S.Ct. 641 (2012), that a judgment becomes final under 28 U.S.C. § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires.

For Missouri prisoners, like petitioner, who file a motion to for rehearing and/or transfer with the Missouri Court of Appeals, but after this motion is denied also files a motion to transfer with the Missouri Supreme Court, the one year begins to run ninety (90) days after the motion was denied by the Missouri Supreme Court. *See* Mo.S.Ct.R. 83.02; *Pierson v. Dormire,* 484 F.3d 486,

---

[4]Filing a Rule 91 action is not necessary to exhaust claims, like those here, that have already been exhausted through procedural default, and the summary denial of such a Rule 91 motion by a state court will be treated the enforcement of the procedural bar created by the failure to properly present the claims in the ordinary course of review. *Preston v. Delo,* 100 F.3d 596, 599–601 (8th Cir. 1996).

6

495 (8th Cir. 2007). Petitioner's one-year period of limitations, therefore, began to run on approximately February 23, 2015.

The time during which a properly filed post-conviction relief motion is pending tolls the statute of limitations. 28 U.S.C. § 2244(d)(2). Thus, the limitations period in this case was subsequently tolled from January 15, 2015, the date petitioner filed his motion for post-conviction relief, until approximately July 6, 2018, the date petitioner received the mandate of the Missouri Court of Appeals. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (post-conviction relief proceedings final on issuance of mandate). Thus, petitioner's claims were due to this Court no later than July 6, 2019 to comply with the statute of limitations pursuant to 28 U.S.C. § 2244. Given that petitioner filed his original petition on October 25, 2018, the claims filed in the original petition were timely filed.

As noted above, however, petitioner did not file his amended petition, which contained his fourth claim for relief, until August 5, 2020. At the time of the filing of his amended petition, the claims in his amended petition were more than a year out of time. Because his claims that his trial counsel was ineffective for not investigating the allegation that a witness against petitioner received a deal in a federal court proceeding and his appellate counsel was ineffective for failing to argue such in his appeal brief were not contained in his original petition, they could not relate back to that petition pursuant to Federal Rule of Civil Procedure 15. Additionally, as discussed previously, these claims were procedurally barred and unable to be reargued under either Missouri Supreme Court Rule 91 or 29.15.

As a result, all of petitioner's claims must be deemed exhausted, and the petition is not subject to stay and abeyance under *Rhines*. Petitioner's motion for stay and abey must be denied.

7

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to stay and abey (ECF No. 44) is **DENIED**.

**IT IS FURTHER ORDERED** that petitioner's motions to recall the mandate (ECF Nos. 48 and 49) are **DENIED**.

Dated this 14th day of September, 2021.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE